## No. 926
### STATE v. EVANS
Ohio Appeals, 6th Dist., Ottawa Co.

No. 63. Decided Oct. 24, 1925

**1105. STATUTES**—Criminal statute to be construed most favorably to accused.

RICHARDS, J.

John Evans was convicted and sentenced before a justice of the peace on a charge for unlawfully killing muskrat in the latter part of March, 1924. Error was prosecuted to the Ottawa Common Pleas where this judgment and conviction was reversed.

The prosecution was under 1398 GC. as amended in 110 OL. 285; which provides that the open season for muskrat, shall be only from November 15th to March 1st and contains the following provision: "Nothing in this section shall be construed as prohibiting a person from pursuing and killing, at any time except on Sunday, fur bearing animals which are injuring his property, or which have become a nuisance, or prohibit the owner of a farm or enclosure used exclusively for the breeding and raising of racoon, mink, fox, muskrat, etc. - - - -, therein from taking or killing such animals or any of them at any time.

Error was prosecuted to the Court of Ap-

## STATE COURT OF APPEALS—Continued

peals, and it was there shown the trapping of muskrat at the time charged was not controverted by Evans, but it was claimed that his act came within the exception above quoted and was therefore not in violation of the statute. It was claimed that he was at the time an employe of John N. Magee, who, it was claimed, was the owner of a farm used exclusively for breeding and raising muskrat and that they were trapped on said premises. The Court of Appeals held:

1. The question presented is whether or not the farm maintained by Magee was one "used exclusively" within the meaning of the statute for the breeding and raising of muskrats; inasmuch as Magee leased his premises to a shooting club for purposes of duck hunting when such sport was in season.

2. This permission of duck hunting could in no wise interfere with breeding and raising of muskrats, and the rights given by the lease are in no way inconsistent with the "farm or enclosure used exclusively for breeding and raising of muskrat."

3. The bill of exceptions shows that the Division of Fish & Game had for a long time prior to the arrest of Evans, been construing the statute under review, as not including Magee's land even though duck hunting was permitted on the premises. This fact must be given attention in interpreting the statute.

4. "Administrative interpretation of a given law, while not conclusive, is, if long continued, to be reckoned with most seriously and is not to be disregarded and set aside unless judicial discretion makes it imperative so to do." Indust. Comm. v. Brown, 9 OS. 311.

5. In construing the statute it must not be overlooked that it is a criminal statute and must be construed most favorably to the accused.

Judgment reversing conviction is correct and should be affirmed.

Judgment affirmed.

Attorneys—Don Bell, Pros. Atty. for State; True, Crawford & True, for Evans; all of Port Clinton.